IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF DANTE S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF DANTE S., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
LORI S., APPELLANT.

Filed January 5, 2016.    No. A-15-607.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Affirmed.

Candice C. Wooster, of Brennan & Nielsen Law Offices, P.C., for appellant.

Joe Kelly, Lancaster County Attorney, and Shellie D. Sabata for appellee.

IRWIN, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Lori S. appeals from an order of the separate juvenile court for Lancaster County finding that reasonable efforts to reunify her with her minor child, Dante S., were not required because Lori's parental rights to a sibling of Dante's had been terminated involuntarily. Based on the reasons that follow, we affirm.

### BACKGROUND

On March 12, 2008, Lori was found guilty of Use of a Child in a Sexual Performance, a Class C felony, in the Circuit Court of Grundy County, Missouri. As a result of her conviction, she was placed on the National Sex Offender Registry and voluntarily relinquished her parental rights to the two children she had at that time. Since that incident and prior to Dante's birth, Lori has

given birth to two other children. She has lost custody of both of these children, which includes having her parental rights to one of those children involuntarily terminated by the Juvenile Court for Jasper County, Missouri in August 2013.

Lori gave birth to Dante in June 2014. The day after Dante was born he was removed from Lori's care and custody. On June 30, 2014, the State filed a petition to adjudicate Dante, alleging that he lacked proper parental care due to the fault or habits of Lori. The State also filed a motion for ex parte temporary legal and physical custody, which the juvenile court granted, thereby giving the Nebraska Department of Health and Human Services temporary custody and placement of Dante. A temporary custody hearing followed, at which time the juvenile court ordered that temporary legal and physical custody of Dante would remain with the Department.

On April 27, 2015, after a hearing on the petition to adjudicate, the court found that Dante was a juvenile as defined by Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008). The court entered a nunc pro tunc order on May 8, to correct an error in the statement of facts as set forth in the original order. In June 2015, a disposition hearing was held. Following the hearing, the juvenile court entered an order finding that based on Neb. Rev. Stat. § 43-283.01 (Reissue 2008), reasonable efforts to preserve and reunify Dante with Lori were not required because Lori has had her parental rights to a sibling of Dante's involuntarily terminated.

## ASSIGNMENT OF ERROR

Lori assigns that the juvenile court erred in excusing the Department from providing reasonable efforts to reunify Lori and Dante.

## STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its decision independently of the juvenile court's findings. *In re Interest of Thomas M.*, 282 Neb. 316, 803 N.W.2d 46 (2011).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *In re Interest of Thomas M., supra.*

## ANALYSIS

Lori argues that the juvenile court erred in finding that pursuant to § 43-283.01(4), reasonable efforts to reunify Lori and Dante were not required by the Department. She contends that such finding was in error because it was not in Dante's best interests.

Section 43-283.01(4) provides: "Reasonable efforts to preserve and reunify the family are not required if a court of competent jurisdiction has determined that . . . [t]he parental rights of the parent to a sibling of the juvenile have been terminated involuntarily."

Lori argues that § 43-283.01(4) is a two-part test. She contends that the court must first find that the parent's rights to a sibling of the juvenile have been terminated involuntarily, and secondly, the court must find that excusing the Department from providing reasonable efforts is in the best interests of the child. She contends that the juvenile court in this case only satisfied the first part of the test and failed to determine whether not requiring the Department to provide reasonable efforts was in Dante's best interests.

There was uncontroverted evidence at the hearing that Lori had her parental rights to a sibling of Dante's terminated involuntarily. Lori admits such fact in her brief and agrees that as a result, reasonable efforts are not required. She asserts however, that although reasonable efforts are not required, § 43-283.01(4) gives the juvenile court discretion to determine if reasonable efforts by the Department would be in the child's best interests.

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Cargill Meat Solutions Corporation v. Colfax County Board of Equalization*, 290 Neb. 726, 861 N.W.2d 718 (2015). The plain language of § 43-283.01(4) does not require that a best interest analysis be made in addition to a finding that a statutory ground exists. Further, Nebraska case law does not discuss best interests when addressing § 43-283.01(4). *See, e.g.*, *In re Interest of Damien S.*, 19 Neb. App. 917, 815 N.W.2d 648 (2012); *In re Interest of Hailey M.*, 15 Neb. App. 323, 726 N.W.2d 576 (2007); *In re Interest of Jac'Quez*, 266 Neb. 782, 669 N.W.2d 429 (2003). Accordingly, the State need only prove by clear and convincing evidence that one of the situations under § 43-283.01(4) exists for the juvenile court to conclude that reasonable efforts are not required. See *In re Interest of Jac'Quez, supra.*

In the present case, the State met its burden. As previously stated, there was uncontroverted evidence that Lori's parental rights to a sibling of Dante's were involuntarily terminated by the Juvenile Court for Jasper County, Missouri in August 2013. As such, it is clear that reasonable efforts to preserve and reunify Lori with Dante were not required pursuant to § 43-283.01(4).

## CONCLUSION

We conclude that the juvenile court did not err in finding that reasonable efforts to preserve and reunify Lori with Dante were not required because Lori had previously had her parental rights to a sibling of Dante's involuntarily terminated. Accordingly, the order of the juvenile court is affirmed.

AFFIRMED.